STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOEY L. BLANCH
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
California Bar Number:   186487
      1500 United States Courthouse
      Telephone: (213) 894-3315
      Facsimile: (213) 894-3713
      E-mail:   joey.blanch@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-78-CJC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LETHA MONTEMAYOR TUCKER |
| v. | |
| LETHA MONTEMAYOR TUCKER, aka "Butterfly," | |
| Defendant. | |

1.   This constitutes the plea agreement between LETHA MONTEMAYOR TUCKER, also known as "Butterfly" ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that

it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 22, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 25 and 26 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

<u>DEFENDANT'S OBLIGATIONS</u>

3.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count five of the first superseding indictment in <u>United States v. Tucker</u>, CR No. 13-78-CJC, which charges defendant with commercial sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a), (b)(1) (2001 ed.).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the Court that it impose sentence in accordance with paragraph 17 of this agreement.

1    d.   Appear for all court appearances, surrender as ordered

2  for service of sentence, obey all conditions of any bond, and obey

3  any other ongoing court order in this matter.

4    e.   Not commit any crime; however, offenses that would be

5  excluded for sentencing purposes under United States Sentencing

6  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

7  within the scope of this agreement.

8    f.   Be truthful at all times with Pretrial Services, the

9  United States Probation Office, and the Court.

10    g.   Pay the applicable special assessment at or before the

11  time of sentencing unless defendant lacks the ability to pay and

12  prior to sentencing submits a completed financial statement on a form

13  to be provided by the USAO.

14    h.   Agree to and not oppose the imposition of the

15  following conditions of probation or supervised release:

16    (1)   The defendant shall refrain from any unlawful use

17  of a controlled substance.  The defendant shall submit to one drug

18  test within 15 days of release from imprisonment and at least two

19  periodic drug tests thereafter, not to exceed eight tests per month,

20  as directed by the Probation Officer;

21    (2)   The defendant shall participate in an outpatient

22  substance abuse treatment and counseling program that includes

23  urinalysis, breath and/or sweat patch testing, as directed by the

24  Probation Officer.  The defendant shall abstain from using illicit

25  drugs, alcohol, and abusing prescription medications during the

26  period of supervision;

27    (3)   During the course of supervision, the Probation

28  Officer, with the agreement of the defendant and defense counsel, may

1  place the defendant in a residential drug treatment program approved

2  by the United States Probation Office for treatment of narcotic

3  addiction or drug dependency, which may include counseling and

4  testing to determine if the defendant has reverted to the use of

5  drugs, and the defendant shall reside in the treatment program until

6  discharged by the Program Director and Probation Officer;

7          (4)   As directed by the Probation Officer, the

8  defendant shall pay part or all of the costs of treatment the

9  defendant's drug and alcohol dependency to the aftercare contractor

10  during the period of community supervision, pursuant to 18 U.S.C. §

11  3672.  The defendant shall provide payment and proof of payment as

12  directed by the Probation Officer;

13          (5)   The defendant shall register as a sex offender,

14  and keep the registration current, in each jurisdiction where she

15  resides, where she is an employee, and where she is a student, to the

16  extent the registration procedures have been established in each

17  jurisdiction.  When registering for the first time, the defendant

18  shall also register in the jurisdiction in which the conviction

19  occurred if different from her jurisdiction of residence.  The

20  defendant shall provide proof of registration to the Probation

21  Officer within three days of release from imprisonment;

22          (6)   The defendant shall participate in a

23  psychological counseling, psychiatric treatment, and/or sex offender

24  treatment program, as approved and directed by the Probation Officer.

25  The defendant shall abide by all rules, requirements, and conditions

26  of such program, including submission to risk assessment evaluations

27  and physiological testing, such as polygraph and Abel testing.  The

28  Probation Officer shall disclose the presentence report and/or any

4

1   previous mental health evaluations or reports to the treatment

2   provider.  This psychological counseling, psychiatric treatment

3   and/or sex offender treatment program may include inpatient treatment

4   upon further order of the Court;

5              (7)  As directed by the Probation Officer, the

6   defendant shall pay all or part of the costs of treating the

7   defendant's psychological/psychiatric disorder(s) to the aftercare

8   contractor during the period of community supervision, pursuant to 18

9   U.S.C. § 3672.  The defendant shall provide payment and proof of

10  payment, as directed by the Probation Officer;

11             (8)  The defendant shall not contact the victim by any

12  means, including in person, by mail or electronic means, or via third

13  parties.  Further, the defendant shall remain at least 100 yards from

14  the victim at all times.  If any contact occurs, the defendant shall

15  immediately leave the area of contact, and report the contact to the

16  Probation Officer;

17             (9)  The defendant shall not view or possess any

18  materials, including pictures, photographs, books, writings,

19  drawings, videos, or video games, depicting and/or describing

20  "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2);

21             (10) The defendant shall not view or possess any

22  materials, including pictures, photographs, books, writings,

23  drawings, videos, or video games, depicting and/or describing child

24  pornography, as defined in 18 U.S.C. § 2256(8).  This condition does

25  not prohibit the defendant from possessing materials solely because

26  they are necessary to, and used for, a collateral attack, nor does it

27  prohibit him from possessing materials prepared and used for the

28  purposes of his court-mandated sex offender treatment, when the

1   defendant's treatment provider or the Probation Officer has approved
2   of his possession of the material in advance;

3            (11) The defendant shall not associate or have verbal,
4   written, telephonic, or electronic communication with any person
5   under the age of 18, except:  a) in the presence of the parent or
6   legal guardian of said minor; and b) on the condition that the
7   defendant notify said parent or legal guardian of her conviction in
8   the instant offense/prior offense.  This provision does not encompass
9   persons under the age of 18, such as waiters, cashiers, ticket
10  vendors, etc., with whom the defendant must deal with in order to
11  obtain ordinary and usual commercial services;

12           (12) The defendant shall not frequent, or loiter,
13  within 100 feet of school yards, parks, public swimming pools,
14  playgrounds, youth centers, video arcade facilities, or other places
15  primarily used by persons under the age of 18, unless the defendant
16  receives written permission from the Probation Officer;

17           (13) The defendant shall not affiliate with, own,
18  control, volunteer and/or be employed in any capacity by a business
19  and/or organization that causes her to regularly contact persons
20  under the age of 18;

21           (14) The defendant shall not affiliate with, own,
22  control, and/or be employed in any capacity by a business whose
23  principal product is the production and/or selling of materials
24  depicting and/or describing "sexually explicit conduct," as defined
25  in 18 U.S.C. § 2256(2);

26           (15) The defendant shall not reside within direct view
27  of school yards, parks, public swimming pools, playgrounds, youth
28  centers, video arcade facilities, or other places primarily used by

6

1   persons under the age of 18.   The defendant's residence shall be

2   approved by the Probation Officer, and any change in residence must

3   be pre-approved by the Probation Officer.   The defendant shall submit

4   the address of the proposed residence to the Probation Officer at

5   least 10 days prior to any scheduled move;

6   (16) The defendant shall not own, use or have access

7   to the services of any commercial mail-receiving agency, nor shall

8   she open or maintain a post office box, without the prior approval of

9   the Probation Officer;

10   (17) The defendant's employment shall be approved by

11   the Probation Officer, and any change in employment must be pre-

12   approved by the Probation Officer.   The defendant shall submit the

13   name and address of the proposed employer to the Probation Officer at

14   least 10 days prior to any scheduled change;

15   (18) The defendant shall submit her person, and any

16   property, house, residence, vehicle, papers, computer, other

17   electronic communication or data storage devices or media, and her

18   effects to search at any time, with or without a warrant, by any law

19   enforcement or Probation Officer with reasonable suspicion concerning

20   a violation of a condition of supervised release or unlawful conduct

21   by the defendant, and by any Probation Officer in the lawful

22   discharge of the officer's supervision functions;

23   (19) The defendant shall possess and use only those

24   computers and computer-related devices, screen user names, passwords,

25   email accounts, and internet service providers (ISPs), which have

26   been disclosed to the Probation Officer upon commencement of

27   supervision.   Any changes or additions are to be disclosed to the

28   Probation Officer prior to the first use.   Computers and computer-

1   related devices are personal computers, personal data assistants

2   (PDAs), internet appliances, electronic games, cellular telephones,

3   and digital storage media, as well as their peripheral equipment,

4   that can access, or can be modified to access, the internet,

5   electronic bulletin boards, and other computers;

6           (20) All computers, computer-related devices, and

7   their peripheral equipment, used by the defendant shall be subject to

8   search and seizure.  This shall not apply to items used at the

9   employment's site, which are maintained and monitored by the

10  employer;

11          (21) The defendant shall comply with the rules and

12  regulations of the Computer Monitoring Program.  The defendant shall

13  pay the cost of the Computer Monitoring Program, in an amount not to

14  exceed $32 per month per device connected to the internet;

15          (22) When not employed or excused by the Probation

16  Officer for schooling, training, or other acceptable reasons which

17  includes the defendant's health issues, the defendant shall perform

18  20 hours of community service per week as directed by the Probation

19  Office.

20                    THE USAO'S OBLIGATIONS

21      4.   The USAO agrees to:

22          a.   Not contest facts agreed to in this agreement.

23          b.   Abide by all agreements regarding sentencing contained

24  in this agreement and affirmatively recommend to the Court that it

25  impose sentence in accordance with paragraph 17 of this agreement.

26          c.   At the time of sentencing, move to dismiss the

27  remaining counts of the indictment as against defendant.  Defendant

28  agrees, however, that at the time of sentencing the Court may

                              8

1  consider any dismissed charges in determining the applicable
2  Sentencing Guidelines range, the propriety and extent of any
3  departure from that range, and the sentence to be imposed.

### NATURE OF THE OFFENSE

5      5.   Defendant understands that for defendant to be guilty of
6  the crime charged in count five that is, commercial sex trafficking
7  of a minor, in violation of Title 18, United States Code, Sections
8  1591(a)(1), (b)(1), the following must be true:

9          a.   The defendant knowingly did recruit, entice, harbor,
10 transport, provide, or obtain a person;

11         b.   The defendant did so knowing that the victim was under
12 18;

13         c.   The defendant did so knowing that the victim would be
14 caused to engage in a commercial sex act; and

15         d.   The defendant's actions were in or affecting
16 interstate commerce.

17     6.   Defendant understands that for defendant to be subject to
18 the enhanced statutory maximum pursuant to Title 18, United States
19 Code, Section 1591(b)(1) (2001 ed.), as set forth below, the
20 government must prove beyond a reasonable doubt that defendant knew
21 that the victim was under the age of 14 years at the time.  Defendant
22 admits that at the time she caused the victim to engage in a
23 commercial sex act, the victim was under 14 years old.

### PENALTIES AND RESTITUTION

25     7.   Defendant understands that the statutory maximum sentence
26 that the Court can impose for a violation of Title 18, United States
27 Code, Sections 1591(a)(1), (b)(1) (2001 ed.), is: lifetime
28 imprisonment; a 5-year period of supervised release; a fine of

$250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.    Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, she will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

10.   Defendant understands that defendant will be required to pay full restitution to the victim of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to

1  any victim of any of the following for any losses suffered by that
2  victim as a result: (a) any relevant conduct, as defined in U.S.S.G.
3  § 1B1.3, in connection with the offense to which defendant is
4  pleading guilty; and (b) any count dismissed pursuant to this
5  agreement as well as all relevant conduct, as defined in U.S.S.G. §
6  1B1.3, in connection with those counts.

7      11.  Defendant understands that, by pleading guilty, defendant
8  may be giving up valuable government benefits and valuable civic
9  rights, such as the right to vote, the right to possess a firearm,
10 the right to hold office, and the right to serve on a jury.
11 Defendant understands that once the Court accepts defendant's guilty
12 plea, it will be a federal felony for defendant to possess a firearm
13 or ammunition.  Defendant understands that the conviction in this
14 case may also subject defendant to various other collateral
15 consequences, including but not limited to, revocation of probation,
16 parole, or supervised release in another case and suspension or
17 revocation of a professional license.  Defendant understands that
18 unanticipated collateral consequences will not serve as grounds to
19 withdraw defendant's guilty plea.

20     12.  Defendant understands that, if defendant is not a United
21 States citizen, the felony conviction in this case may subject
22 defendant to: removal, also known as deportation, which may, under
23 some circumstances, be mandatory; denial of citizenship; and denial
24 of admission to the United States in the future.  The Court cannot,
25 and defendant's attorney also may not be able to, advise defendant
26 fully regarding the immigration consequences of the felony conviction
27 in this case.  Defendant understands that unexpected immigration

28

1  consequences will not serve as grounds to withdraw defendant's guilty
2  plea.

3  <center>FACTUAL BASIS</center>

4     13.   Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 15 below but is
10 not meant to be a complete recitation of all facts relevant to the
11 underlying criminal conduct or all facts known to either party that
12 relate to that conduct.

   In 2000-2001, defendant was a prostitute and drug addict
   living in a residential hotel in Los Angeles, California.
   The victim ("Victim") was an approximately 12-13-year-old
   girl also living at the residential hotel.  Defendant knew
   Victim's age.  However, defendant shared crack cocaine with
   the Victim and they would often smoke together.

   When Victim was approximately 12-13 years old, defendant
   would bring her prostitution clients - known as "johns" -
   back to defendant's room when Victim was there; both
   defendant and Victim were under influence of defendant's
   crack cocaine.  The johns would engage in sexual activity
   with the Victim, in exchange for money paid to defendant.
   For instance, Victim would take off her clothes and show
   herself naked to the johns, both defendant and the johns
   would touch Victim's genitals, and Victim masturbated the
   men.

   On at least two occasions, when Victim was approximately
   12-13 years old, defendant used the telephone to arrange
   "dates" -- commercial sexual encounters -- between a john
   known only as "John Doe," defendant, and Victim.  At least
   one of these occasions was in or around May 2001, when
   Victim was 12 years old.  On each occasion, after defendant
   and John Doe arranged the "date" on the telephone, John Doe
   drove to the residential hotel, picked up defendant and
   Victim, and brought them to his apartment in Los Angeles.
   During these "dates," defendant and Victim were under the

<center>12</center>

influence of narcotics.  Together, John Doe and defendant engaged in oral sex, vaginal intercourse, and masturbation with Victim.  John Doe paid defendant for the "dates."

During the "dates" at John Doe's apartment, at John Doe's request, defendant and John Doe took photographs of Victim engaging in sexually explicit conduct.  For example, John Doe took photographs of defendant performing oral sex on Victim, and defendant took photographs of Victim performing oral sex on John Doe, and John Doe engaged in vaginal intercourse with Victim.  Unbeknownst to defendant, these images were later posted on the Internet with John Doe's face blacked out, but with defendant and Victim's faces left unredacted.  These photos have subsequently been widely traded by individuals who collect child pornography, and been seized by law enforcement from computers outside the state of California.

Defendant agrees that the commercial sexual encounters between defendant, John Doe, and Victim were in and affecting interstate commerce due to the use of the telephone to arrange the "dates."  Defendant also agrees that the commercial sexual encounters were in and affecting interstate commerce due to the use of the Internet to distribute the photographs of the encounters outside the state of California.

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors, from the 2001 edition of the United States Sentencing Guidelines:

13

| Base Offense Level | : | 27 | [U.S.S.G. § 2G2.1(a)][1] |
|---|---|---|---|
| Specific Offense Characteristics | | | |
| Victim 12-16 yo | : | +2 | [U.S.S.G. § 2G2.1(b)(1)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |

16.  The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

17.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: 72 months' imprisonment; 5 years' supervised release with conditions to be fixed by the Court which shall include the conditions set forth in paragraph 3(h), above; $100 special assessment; and restitution as set by the Court.  The parties agree that restitution is to be paid

---

[1]  U.S.S.G. § 2G1.1 normally applies to commercial sex trafficking of a minor; however, the parties agree that pursuant to U.S.S.G. § 2G1.1(c)(1), the higher offense level calculation found in U.S.S.G. § 2G2.1 applies because defendant caused, transported, permitted, and offered the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  Should the Court disagree, the parties agree that the applicable calculations pursuant to U.S.S.G. § 2G1.1 (2001 ed.) are:

| Base Offense Level | : | 19 | [U.S.S.G. § 2G1.1(a)] |
|---|---|---|---|
| Coercion by Drugs | : | +4 | [U.S.S.G. § 2G1.1(b)(1)] |
| Victim 12-16 yo | : | +2 | [U.S.S.G. § 2G1.1(b)(2)(B)] |
| Unduly influenced a minor to engage in prostitution | : | +2 | [U.S.S.G. § 2G1.1(b)(4)(B)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |

pursuant to a schedule to be fixed by the Court.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

## WAIVER OF CONSTITUTIONAL RIGHTS

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

15

1        h.   Any and all rights to pursue any affirmative defenses,

2  Fourth Amendment or Fifth Amendment claims, and other pretrial

3  motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

5    19.  Defendant understands that, with the exception of an appeal

6  based on a claim that defendant's guilty plea was involuntary, by

7  pleading guilty defendant is waiving and giving up any right to

8  appeal defendant's conviction on the offense to which defendant is

9  pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

11    20.  Defendant agrees that, provided the Court imposes the

12  sentence specified in paragraph 17 above, defendant gives up the

13  right to appeal any portion of that sentence.  Defendant retains the

14  right to appeal the Court's order of restitution.

15    21.  The USAO agrees that, provided the Court imposes the

16  sentence specified in paragraph 17 above, the USAO gives up its right

17  to appeal any portion of that sentence, with the exception that the

18  USAO reserves the right to appeal the Court's denial of restitution

19  or the amount of restitution ordered.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

21    22.  Defendant agrees that if, after entering a guilty plea

22  pursuant to this agreement, defendant seeks to withdraw and succeeds

23  in withdrawing defendant's guilty plea on any basis other than a

24  claim and finding that entry into this plea agreement was

25  involuntary, then (a) the USAO will be relieved of all of its

26  obligations under this agreement; and (b) should the USAO choose to

27  pursue any charge that was either dismissed or not filed as a result

28  of this agreement, then (i) any applicable statute of limitations

1  will be tolled between the date of defendant's signing of this

2  agreement and the filing commencing any such action; and

3  (ii) defendant waives and gives up all defenses based on the statute

4  of limitations, any claim of pre-indictment delay, or any speedy

5  trial claim with respect to any such action, except to the extent

6  that such defenses existed as of the date of defendant's signing this

7  agreement.

8  <u>RESULT OF VACATUR, REVERSAL OR SET-ASIDE</u>

9      23.  Defendant agrees that if the count of conviction is

10  vacated, reversed, or set aside, or any of the sentencing

11  enhancements imposed by the Court to which the parties stipulated in

12  this agreement is vacated or set aside, both the USAO and defendant

13  will be released from all their obligations under this agreement.

14  <u>EFFECTIVE DATE OF AGREEMENT</u>

15      24.  This agreement is effective upon signature and execution of

16  all required certifications by defendant, defendant's counsel, and an

17  Assistant United States Attorney.

18  <u>BREACH OF AGREEMENT</u>

19      25.  Defendant agrees that if defendant, at any time after the

20  signature of this agreement and execution of all required

21  certifications by defendant, defendant's counsel, and an Assistant

22  United States Attorney, knowingly violates or fails to perform any of

23  defendant's obligations under this agreement ("a breach"), the USAO

24  may declare this agreement breached.  All of defendant's obligations

25  are material, a single breach of this agreement is sufficient for the

26  USAO to declare a breach, and defendant shall not be deemed to have

27  cured a breach without the express agreement of the USAO in writing.

28  If the USAO declares this agreement breached, and the Court finds

1  such a breach to have occurred, then: (a) if defendant has previously
2  entered a guilty plea pursuant to this agreement, defendant will not
3  be able to withdraw the guilty plea, (b) the USAO will be relieved of
4  all its obligations under this agreement, and (c) the Court's failure
5  to follow any recommendation or request regarding sentence set forth
6  in this agreement will not provide a basis for defendant to withdraw
7  defendant's guilty plea.

8      26.  Following the Court's finding of a knowing breach of this
9  agreement by defendant, should the USAO choose to pursue any charge
10  that was either dismissed or not filed as a result of this agreement,
11  then:

12      a.  Defendant agrees that any applicable statute of
13  limitations is tolled between the date of defendant's signing of this
14  agreement and the filing commencing any such action.

15      b.  Defendant waives and gives up all defenses based on
16  the statute of limitations, any claim of pre-indictment delay, or any
17  speedy trial claim with respect to any such action, except to the
18  extent that such defenses existed as of the date of defendant's
19  signing this agreement.

20      c.  Defendant agrees that: (i) any statements made by
21  defendant, under oath, at the guilty plea hearing (if such a hearing
22  occurred prior to the breach); (ii) the agreed to factual basis
23  statement in this agreement; and (iii) any evidence derived from such
24  statements, shall be admissible against defendant in any such action
25  against defendant, and defendant waives and gives up any claim under
26  the United States Constitution, any statute, Rule 410 of the Federal
27  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
28  Procedure, or any other federal rule, that the statements or any

1   evidence derived from the statements should be suppressed or are

2   inadmissible.

3                   COURT AND PROBATION OFFICE NOT PARTIES

4        27.  Defendant understands that the Court and the United States

5   Probation Office are not parties to this agreement and need not

6   accept any of the USAO's sentencing recommendations or the parties'

7   agreements to facts, sentencing factors, or sentencing.  Defendant

8   understands that the Court will determine the facts, sentencing

9   factors, and other considerations relevant to sentencing and will

10  decide for itself whether to accept and agree to be bound by this

11  agreement.

12       28.  Defendant understands that both defendant and the USAO are

13  free to: (a) supplement the facts by supplying relevant information

14  to the United States Probation Office and the Court, (b) correct any

15  and all factual misstatements relating to the Court's Sentencing

16  Guidelines calculations and determination of sentence, and (c) argue

17  on appeal and collateral review that the Court's Sentencing

18  Guidelines calculations and the sentence it chooses to impose are not

19  error, although each party agrees to maintain its view that the

20  calculations and sentence referenced in paragraphs 15 and 17 are

21  consistent with the facts of this case.  While this paragraph permits

22  both the USAO and defendant to submit full and complete factual

23  information to the United States Probation Office and the Court, even

24  if that factual information may be viewed as inconsistent with the

25  facts agreed to in this agreement, this paragraph does not affect

26  defendant's and the USAO's obligations not to contest the facts

27  agreed to in this agreement.

28

                                  19

1

## NO ADDITIONAL AGREEMENTS

2    29.   Defendant understands that, except as set forth herein,

3    there are no promises, understandings, or agreements between the USAO

4    and defendant or defendant's attorney, and that no additional

5    promise, understanding, or agreement may be entered into unless in a

6    writing signed by all parties or on the record in court.

7    ## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8    30.   The parties agree that this agreement will be considered

9    part of the record of defendant's guilty plea hearing as if the

10   entire agreement had been read into the record of the proceeding.

11   AGREED AND ACCEPTED

12   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
13   CALIFORNIA

14   STEPHANIE YONEKURA
     Acting United States Attorney
15

16
                                                     10/1/2014
     _____         _____
17   JOEY L. BLANCH                      Date
     Assistant United States Attorney

18
                                                     10/1/2014.
     _____         _____
19   LETHA MONTEMAYOR TUCKER             Date
     Defendant

20
                                                     10/1/2014.
     _____         _____
21   KOREN BELL                         Date
     ANNE HWANG
22   Attorneys for Defendant
     LETHA MONTEMAYOR TUCKER

23

24

25

26

27

28

                                      20

1                           CERTIFICATION OF DEFENDANT

2           I have read this agreement in its entirety.  I have had enough

3    time to review and consider this agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this agreement, and I voluntarily agree to those terms.

6    I have discussed the evidence with my attorney, and my attorney has

7    advised me of my rights, of possible pretrial motions that might be

8    filed, of possible defenses that might be asserted either prior to or

9    at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10   of relevant Sentencing Guidelines provisions, and of the consequences

11   of entering into this agreement.  No promises, inducements, or

12   representations of any kind have been made to me other than those

13   contained in this agreement.  No one has threatened or forced me in

14   any way to enter into this agreement.  I am satisfied with the

15   representation of my attorney in this matter, and I am pleading

16   guilty because I am guilty of the charges and wish to take advantage

17   of the promises set forth in this agreement, and not for any other

18   reason.

19

20   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯          ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     LETHA MONTEMAYOR TUCKER                Date
21   Defendant

22

23                      CERTIFICATION OF DEFENDANT'S ATTORNEY

24          I am LETHA MONTEMAYOR TUCKER's attorney.  I have carefully and

25   thoroughly discussed every part of this agreement with my client.

26   Further, I have fully advised my client of her rights, of possible

27   pretrial motions that might be filed, of possible defenses that might

28   be asserted either prior to or at trial, of the sentencing factors

                                       21

1    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2    provisions, and of the consequences of entering into this agreement.

3    To my knowledge: no promises, inducements, or representations of any

4    kind have been made to my client other than those contained in this

5    agreement; no one has threatened or forced my client in any way to

6    enter into this agreement; my client's decision to enter into this

7    agreement is an informed and voluntary one; and the factual basis set

8    forth in this agreement is sufficient to support my client's entry of

9    a guilty plea pursuant to this agreement.

10

11   KOREN BELL
     ANNE HWANG
12   Attorneys for Defendant
     LETHA MONTEMAYOR TUCKER

Date  10/1/14